UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY JAMES WONDRA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No. 1:25-cv-00241-AKB<br>Criminal Case No. 1:22-cr-00098-AKB<br><br>**MEMORANDUM AND DECISION ORDER** |

Pending before the Court is Stacey James Wondra's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Civ. Dkt. 1; Crim. Dkt. 98).[1] The Court will not set a briefing schedule on Wondra's Petition or take any other action because Wondra is procedurally barred from proceeding in this manner. Accordingly, Wondra's Petition is summarily dismissed, and the civil case is closed.

## I.    BACKGROUND

On August 5, 2024, Wondra filed a motion under 28 U.S.C. § 2255, challenging his conviction and sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on the grounds an unnamed Supreme Court opinion rendered the statute unconstitutional under the Second Amendment. The Court opened a corresponding civil case. *See Wondra v. United States*, Case No. 1:24-cv-00354-AKB. The Government moved to dismiss the petition, citing the

---

[1]     "Civ. Dkt." refers to Case No. 1:25-cv-00241-AKB, and "Crim. Dkt." refers to Case No.1:22-cr-00098-AKB.

**MEMORANDUM AND DECISION ORDER - 1**

collateral-attack waiver contained in the plea agreement. On November 11, 2024, the Court granted the Government's motion and dismissed the petition.

Wondra did not appeal that ruling. Instead, on May 6, 2025, he filed a second § 2255 motion (Civ. Dkt. 1; Crim. Dkt. 98). In his current motion, Wondra again challenges the constitutionality of his conviction on Second Amendment grounds, citing a Ninth Circuit decision issued by a three-judge panel in *United States v. Duarte*, 101 F.4th 657, 691 (9th Cir. 2024). The three-judge panel decision, however, has since been vacated and reheard en banc in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025). The *en banc* panel in *Duarte* upheld the constitutionality of § 922(g)(1) as applied to non-violent felons. *Duarte*, 137 F.4th at 762.

## II.    ANALYSIS

A petitioner is generally limited to one motion under § 2255 and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*; *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Ninth Circuit has defined this limitation as jurisdictional in nature. *See Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015).

**MEMORANDUM AND DECISION ORDER - 2**

Having already filed a § 2255 Petition, Wondra can only file successive § 2255 Petitions. But doing so requires Circuit approval, which Wondra has not obtained. In light of this failure, the Court has no choice but to sua sponte dismiss Wondra's Petition as the Court lacks jurisdiction over the case.

If Wondra elects, he may petition the Ninth Circuit for leave to file a successive § 2255 Petition. Unless and until Wondra obtains said permission, however, he is barred from bringing any petitions under § 2255. Before seeking such permission, however, the Court cautions Wondra that the Ninth Circuit's en banc decision in *Duarte* effectively forecloses his challenge to his conviction on Second Amendment grounds. 137 F.4th at 762.

### III. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Stacey James Wondra's Motion to Vacate, Set Aside or Correct a Sentence (Crim. Dkt. 98 in Case No. 1:22-cr-00098-AKB) and (Civ. Dkt. 1 in Case No. 1:25-cv-00241-AKB) is **DENIED.**

2. The Clerk is directed to close the civil case, *Wondra v. United States*, Case No. 1:25-cv 00241-AKB.

DATED: July 01, 2025

Amanda K. Brailsford
U.S. District Court Judge